**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NORTHWEST HOME CARE, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-9923 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| HENRY SCHEIN, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Northwest Home Care, Inc. ("Plaintiff") brings this Class Action Complaint against Defendant Henry Schein, Inc. ("Schein"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## I.  NATURE OF THE ACTION

1.  Schein is a Fortune 500 company and "the world's largest provider of health care products and services to office-based dental, animal health and medical practitioners."[1] In an effort to market its products and services, Schein sent unsolicited junk faxes in bulk—fax blasts—to unwilling recipients. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

---

[1] http://www.henryschein.com (last visited Nov. 3, 2015).

2.      Schein did not obtain prior express permission or invitation from Plaintiff and the Class members to send them faxes.

3.      Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Schein to send them faxes.

4.      In order to redress these injuries, Plaintiff seeks an injunction requiring Schein to cease all unsolicited faxing activities, an award of statutory damages to the Class members under the TCPA, and an award of actual damages for common law conversion, together with costs and attorneys' fees.

## II.      JURISDICTION AND VENUE

***Subject Matter Jurisdiction***

5.      This Court has original jurisdiction over Count I, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

6.      The Court has supplemental jurisdiction over Count II, pursuant to 28 U.S.C. § 1367, because Schein's conduct forms part of the same case or controversy as to Count I.

***Personal Jurisdiction***

7.      This Court has personal jurisdiction over Schein, pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Schein, by sending junk faxes in bulk into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

***Venue***

8.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

### III.     PARTIES

*Plaintiff*

9.      Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business located in Cook County, Illinois.

*Defendant*

10.      Schein is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located at 135 Duryea Road, Melville, New York 11747.

11.      Schein maintains a registered agent at: Corporation Service Company, 80 State Street, Albany, New York 12207.

### IV.     FACTUAL BACKGROUND

*Schein's Faxes Promote Products And Services*

12.      On or about July 21, 2013, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

13.      The fax purports that it was sent to "Allan Aven," but Plaintiff is not aware of anyone named Allan Aven.

14.      Schein's fax advertises "primacy care fax specials," including several drugs and vaccinations.

15.      Schein's fax also invites recipients to view its website, www.henryschein.com, "for all your flu season needs."

16.      Schein's products or services were advertised in the fax and the website.

17.      Schein receives a commercial benefit from the promotion and sale of the products and services advertised in the fax and on the website.

18.     Schein derived economic benefit from the transmission of the faxes.

19.     Schein sent the faxes and/or is responsible, as a matter of law, for the actions of the individuals who sent the faxes.

***Schein's Faxes Were Part Of Fax Blasts***

20.     Schein's faxes were designed using a uniform template.

21.     Under the TCPA, an "established business relationship" is a defense that Schein must prove,[2] but Schein did not have an established business relationship with Plaintiff or any other member of the Class prior to sending fax advertisements.

22.     Schein does not have a record showing an established business relationship with Plaintiff or other members of the Class.

23.     Under the TCPA, prior express invitation or permission is a defense that Schein must prove,[3] but Schein did not obtain prior express invitation or permission from Plaintiff or the Class to be sent fax advertisements.

24.     Schein does not have a record showing that it obtained prior express invitation or permission from Plaintiff or the Class.

25.     On information and belief, the fax attached as Exhibit A was transmitted as part of mass broadcastings, or "blasts," of faxes.

26.     Accordingly, Schein sent fax advertisements to Plaintiff and the Class as a part of fax blasts without prior express invitation or permission and without an established business relationship.

---

[2] *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 451 (7th Cir. 2010) (discussing the applicability of the "EBR defense").

[3] *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) (considering whether the "defense [] of consent to be faxed ads" applies).

## V.    CLASS ALLEGATIONS

27.    Plaintiff bring Counts I and II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class (the "Class")**
All individuals or entities in the United States who were sent one or more unsolicited facsimile advertisements from or on behalf of Henry Schein, Inc.

Excluded from the Class are Schein and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

28.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29.    **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Schein's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Schein's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

30.    **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and facts, which predominate over any questions affecting individual Class members, including, without limitation:

a. whether Schein engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

b. the manner in which Schein compiled or obtained their list of fax numbers;

c. whether Schein's faxes constitute advertisements under the TCPA;

d. whether Plaintiff and the Class are entitled to actual, statutory, or other form of damages, and other monetary relief and, in what amount(s);

e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Schein's conduct; and

f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

31.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

32.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

33.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Schein has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

34.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy,

and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Schein, so it would be impracticable for Class members to individually seek redress for Schein's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.      CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf Of The Class)

35.      Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

36.      Schein and/or its agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. § 227(b)(l)(C).

37.      On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and the Class.

38.      As a result of Schein's unlawful conduct, Plaintiff and the Class suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Conversion
### (On Behalf Of The Class)

39.     Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

40.     By sending unsolicited faxes to Plaintiff and the other Class members, Schein converted to its own use Plaintiff's and the other Class One members' paper, ink or toner, and their fax machines' components.

41.     When Plaintiff's and the other Class members' fax machines printed the unsolicited faxes, their fax machines' components, ink or toner, and paper were used.

42.     This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired their fax machines and its ink or toner.

43.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the Class members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes.

44.     By sending the unsolicited faxes, Schein appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

45.     Furthermore, Plaintiff's and the Class' fax machine components suffered wear and tear when they were appropriated by Schein to print its unsolicited faxes.

46.     Such appropriation was wrongful and without authorization.

47.     Schein knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

48.     Plaintiff and the other Class members were deprived of the paper, ink or toner, performance of their fax machines' components.

49. Accordingly, Plaintiff and the other Class members suffered damages as a result of receiving the unsolicited faxes.

## VII.     JURY DEMAND

50. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Northwest Home Care, Inc., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Northwest Home Care, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

B.     Awarding actual or statutory damages;

C.     Enjoining Schein from sending unsolicited facsimile advertisements;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: November 6, 2015

Respectfully submitted,

NORTHWEST HOME CARE, INC., individually and on behalf of all others similarly situated

By: *s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.241.1260

***Counsel for Plaintiff
and the Proposed Putative Class***

4848-7102-8522, v. 1